UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNS Fund, LLC, | Case No.: 2:22-cv-0995-JAD-BNW |
| Plaintiff | |
| v. | |
| | **Order Remanding Case to State Court** |
| MTC Financial, Inc. dba Trustee Corps, a California corporation; Bank of America, N.A., a national banking association; et al., | [ECF Nos. 12, 31, 35, 36, 37] |
| Defendants | |

This case is yet another remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association assessments. Plaintiff ARNS Fund, LLC's predecessor in interest did just that in December 2013 when it purchased the home at 605 Crimson View Place for just over $11,000 at an HOA foreclosure sale. The home had been purchased eight years earlier with a $235,000 loan secured by a deed of trust. When the purported holder of that note took steps to foreclose on that long-unpaid mortgage earlier this year, and although these parties had completed years of title litigation in state court, ARNS filed this new quiet-title action. It theorizes that the bank cannot enforce the note because it is not in possession of it and, regardless, the deed of trust was extinguished by operation of Nevada Revised Statute 106.240, which conclusively presumes that a lien is automatically extinguished ten years after the debt it secures becomes wholly due.

ARNS, a Nevada limited-liability company, filed this action in state court, naming as defendants Bank of America (the deed-of-trust beneficiary and a citizen of North Carolina) and

MTC Financial, Inc. (the California entity serving as the bank's foreclosure trustee).[1] The bank removed the case to federal court based on diversity jurisdiction, asserting that the parties are diverse because ARNS had no members that are citizens of California or North Carolina.[2] ARNS moved to remand, arguing that it has a California member who destroys diversity,[3] and it filed an amended complaint[4] that adds a new claim against MTC in an effort to head off a fraudulent-joinder response. After two hearings and two rounds of supplemental briefing, I cannot conclude that there is no possibility that a state court would find that the complaint states a cause of action against MTC, so I grant the motion to remand and deny as moot all other pending motions.

## Analysis

**A.    ARNS and MTC are not diverse.**

Because ARNS is a Nevada limited liability company, for jurisdictional purposes it is a citizen of every state in which its members are citizens.[5] Since its original complaint, ARNS has alleged that it is a citizen of California because it has a California owner or member.[6] The parties do not dispute that MTC is a California corporation and citizen of California.[7] When ARNS filed its motion to remand, claiming that one of its members is a California citizen, the

---

[1] ECF No. 1-1 (complaint).
[2] ECF No. 1 (removal petition).
[3] ECF No. 12 (motion to remand).
[4] ECF No. 11 (amended complaint).
[5] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").
[6] ECF No. 1-1 at ¶ 1.
[7] *See id.* at ¶ 2; ECF No. 16 at 2.

bank challenged that assertion,[8] so I permitted the parties to engage in limited jurisdictional discovery,[9] which only confirmed that ARNS has a California member.[10]

### B. The possibility that a state court would find that ARNS states a claim against MTC requires remand.

The presence of a California plaintiff and California defendant would ordinarily destroy diversity and deprive this court of jurisdiction over state-law claims like these. But the court ignores the citizenship of sham or nominal defendants when evaluating for diversity. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity," if the plaintiff fails to state a claim against that defendant "and the failure is obvious according to the settled rules of the state."[11] The standard is lower than plausibility: "if there is a *possibility* that a state court would find that the complaint states a cause of action against" the non-diverse defendant, "the federal court must find that the joinder was proper and remand the case to the state court."[12]

The bank is correct to note that I and several other judges on this court have repeatedly rejected the regurgitated and factually thin theories on which ARNS's claims against MTC are based.[13] But the standard is not whether I find these claims against MTC without merit but

---

[8] ECF No. 16 at 5.

[9] ECF No. 19 (minutes of hearing).

[10] ECF No. 22.

[11] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

[12] *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

[13] Even the bank recognizes that many state trial courts are finding such claims meritorious. *See* ECF No. 30 at n.2 (wherein the bank predicts that ARNS's gamesmanship will progress to the point where the bank "could never remove a case to federal court, all in an effort to keep cases in state court where judges are enjoining [foreclosure] sales").

whether "there is a *possibility* that a state court would find that the complaint states a cause of action against" MTC.[14]  Here we have more than a possibility: the state court whence this case was removed enjoined the bank's foreclosure sale because it concluded that ARNS "has a reasonable likelihood of success on the merits as to its claims."[15]  And that was the state court's view of ARNS's claims even before ARNS amended the complaint to add the NRS 107.028 claim against MTC.  I thus cannot find that there is no possibility that a state court would find that ARNS's complaint states a cause of action against MTC—because one already has done just that.  So, as the Ninth Circuit instructed in *Grancare LLC v. Thrower by and through Mills*, I "must find that the joinder was proper and remand the case to the state court."[16]

## Conclusion

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 12] is GRANTED. The Clerk of Court is directed to REMAND this case back to the Eighth Judicial District Court, Case No. A-22-852835-C, Dept. No. 5, and CLOSE THIS CASE.**

And because this ruling moots all pending motions, IT IS FURTHER ORDERED that all remaining motions **[ECF Nos. 31, 35, 36, and 37] are DENIED as moot and without prejudice to their refiling in state court**.

_____
U.S. District Judge Jennifer A. Dorsey
November 22, 2022

---

[14] *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

[15] ECF No. 1-1 at 66 (preliminary injunction order).

[16] *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).  I would reach the same conclusion were I to evaluate the propriety of joinder under 28 U.S.C. § 1447(e) and the factors established by *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016 (C.D. Cal. 2002), as the bank urges.  *See* ECF No. 30 at 3.  Although I find the claims against MTC weak and likely asserted to defeat federal jurisdiction, see my reasoning in *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr.*, 2022 WL 717577 (D. Nev. Mar. 10, 2022), the remaining factors tip the scale slightly in favor of joinder.